IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. ANTONIO CHAMPION

**Appeal from the Circuit Court for Madison County**
**No. 97-601, 97-815, 98-105, 98-853, 02-454     Kyle Atkins, Judge**
_____

**No. W2016-00675-CCA-R3-CD – Filed September 9, 2016**
_____

The defendant, Antonio Champion, appeals the trial court's denial of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. Because the challenged sentences are expired, the defendant is not entitled relief. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**
**Pursuant to Court of Criminal Appeals Rule 20**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Joshua B. Dougan, Jackson, Tennessee, for the appellant, Antonio Champion.

Herbert H. Slatery III, Attorney General and Reporter, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The defendant is appealing the denial of his motion to correct an illegal sentence. *See* Tenn. R. Crim. P. 36.1. The record has been filed, and appointed counsel moves this court to withdraw pursuant to Court of Criminal Appeals Rule 22. Counsel contends this appeal is frivolous under *Anders v. California*, 386 U.S. 738 (1967). The defendant did not respond to counsel's motion, and the time for doing so has now expired. Having reviewed the entire record on appeal, including counsel's motion to withdraw and the accompanying *Anders* brief, the court agrees that this appeal is frivolous.

On October 6, 1998, the defendant pleaded guilty to robbery, possession with the intent to sell cocaine, aggravated burglary, and theft of property valued more than $500.

The defendant received concurrent sentences of four years for robbery, six years for the drug offense, four years for aggravated burglary, and two years for the theft conviction for an effective sentence of six years as a Range I standard offender. The defendant was ordered to report to begin service of his sentence on October 12, 1998. When the defendant failed to report as ordered, he was charged with failure to appear. On February 10, 2000, the defendant pleaded guilty to failure to appear and received a sentence of two years and six months to be served consecutive to his sentences for his prior convictions. On October 31, 2002, the defendant pleaded guilty to reckless endangerment and received a three-year sentence as a Range I standard offender.

On February 23, 2015, the defendant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He alleged that when he was arrested for the cocaine offense on February 16, 1997, he was out on bond for the robbery offense. The defendant alleged that he was then arrested on September 21, 1997 for the aggravated burglary and theft offenses while released on bond for the robbery and cocaine offenses. The defendant maintained that as a result, his sentences were statutorily required to be served consecutively rather than concurrently. *See* Tenn. Code Ann. § 40-20-111(b). He further maintained that the trial court failed to award the appropriate pretrial jail credits. The defendant alleged that because the sentences relating to the October 6, 1998 plea agreement were illegal, his conviction for failure to appear was "void." He also alleged that his conviction for reckless endangerment was void.

The trial court subsequently entered an order appointing counsel and setting the matter for a hearing. On December 7, 2015, the State filed a motion to dismiss asserting that the challenged sentences had expired. On March 14, 2016, the trial court entered an order finding that the sentences challenged by the defendant had expired and denying the defendant's motion.

Tennessee Rule of Criminal Procedure 36.1 provides the following mechanism for seeking the correction of an illegal sentence:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the

2

defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, *see* Tenn. S. Ct. Rule 17 setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1.[1]

The Tennessee Supreme Court recently addressed "whether Rule 36.1 expands the scope of relief available . . . by permitting either the defendant or the State to correct expired illegal sentences." *State v. Brown*, 479 S.W.3d 200, 205 (Tenn. 2015). Our supreme court held that "Rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." *Id*. at 211.

The record reflects that the defendant's sentences expired long before he filed his Rule 36.1 motion. Accordingly, we conclude the trial court properly denied the defendant's Rule 36.1 motion.

---

[1] Tennessee Rule of Criminal Procedure 36.1 was amended effective July 1, 2016. We reach the same conclusion under the amended Rule.

3

For this reason, the trial court's judgment is hereby affirmed pursuant to Court of Criminal Appeals Rule 20. Furthermore, counsel's motion to withdraw is hereby granted. As directed by Rule 22(F), the Court hereby notifies the defendant that he has a right to file a pro se application for permission to appeal to the Tennessee Supreme Court within sixty days. *See* Tenn. R. App. P. 11. Because the defendant is indigent, costs are taxed to the State.

_____
J. ROSS DYER, JUDGE